**EXHIBIT 1**
**TO**
**MOTION FOR SUMMARY JUDGMENT OF**
**DEFENDANT POTTAWATOMIE COUNTY PUBLIC SAFETY**
**CENTER TRUST, AND BRIEF IN SUPPORT**

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

STEPHEN PROCTOR, *et al.*,                    )
                                              )
    Plaintiffs,                          )        Case No. CIV-07-654-M
                                              )
vs.                                           )
                                              )
BOARD OF COUNTY                               )
COMMISSIONERS OF THE COUNTY                   )
OF POTTAWATOMIE, *et al.*,                    )
                                              )
    Defendants.                          )

## AFFIDAVIT OF LARRY BRIGGS

STATE OF OKLAHOMA          )
                           ) SS:
COUNTY OF POTTAWATOMIE     )

I, Larry Briggs, former Chairman of the Board of Trustees of the Pottawatomie County Public Safety Center Trust, being duly sworn according to oath, depose and state:

1.    That at all times relevant I was a member of the Board of Trustees of the Pottawatomie County Public Safety Center Trust.

2.    That I am familiar with the allegations as set forth by Plaintiffs Stephen Proctor, Robert Almon, Travis Foote, Matthew Laney, Tecumseh Martinez, Bobby Ashley, Amanda Ellette, Lloyd Conover, and Kenneth Reinhart in their Petition and Amended Petition, filed in the District Court of Pottawatomie County, Oklahoma as Case No. CJ-2007-562, and subsequently removed to the United States District Court for the Western District of Oklahoma.

3.     That the Pottawatomie County Public Safety Center Trust ("Trust") was created by a Trust Indenture dated February 4, 2002. [*See*, Trust Indenture, attached hereto as Ex. A.]

4.     That the Trust was created pursuant to the provisions of Okla. Stat. tit. 60, § 176 to 180.4, in part, for the purposes of promoting, administering, developing, owning, leasing, and financing projects or facilities relating to corrections facilities, jails, or other facilities relating to the administration of justice. [*See*, Trust Indenture, attached hereto as Ex. A.]

5.     That the Trust Indenture describes the powers and duties of the Trustees and states that the Trustees shall have the right, power, duty, authority and discretion to exercise exclusive management and control of the properties of the Trust estate. [*See*, Trust Indenture, attached hereto as Ex. A.]

6.     That the Trust Indenture grants the Trustees the authority to contract for services with firms or persons to carry out the purposes of the Trust. [*See*, Trust Indenture, attached hereto as Ex. A.]

7.     That the Trust Indenture authorizes the Trustees to appoint a Chief Executive Officer ("CEO") and/or Executive Director for the Trust Estate, which, when created, shall undertake responsibilities assigned to them from time to time by the Trustees. The said CEO shall administer the business of the Trust Estate as directed from time to time by the Trustees. The CEO may not be a Trustee. [*See*, Trust Indenture, attached hereto as Ex. A.]

8.     That in October, 2002, Rod Bottoms ("Bottoms") was hired by the Trust

2

to serve as Executive Director of the Pottawatomie County Jail. [*See*, Employment Agreement, attached hereto as Ex. B.]

9.      That pursuant to a Detention Services Operational Agreement ("Operational Agreement") entered into between the Board of County Commissioners of Pottawatomie County ("Board"), the Trust, and the Pottawatomie County Sheriff, the Trust assumed responsibility for the management of the Pottawatomie County Jail effective October 15, 2002. [*See*, Operational Agreement, attached hereto as Ex. C.]

10.      That the Operational Agreement specified that the Trust Director, an employee of the Trust, would be the manager of the County Jail. Bottoms was the Trust Director. [*See*, Operational Agreement, attached hereto as Ex. C.]

11.      That upon completion of the Pottawatomie County Public Safety Center ("PCPSC") inmates were transferred from the County Jail and the municipal jail into the PCPSC.

12.      That the Trust operated, and continues to operate, the PCPSC pursuant to the terms of the Operational Agreement.

13.      That upon completion of the PCPSC, Rod Bottoms became the Executive Director of the PCPSC.

14.      That as Executive Director, Bottoms reported directly to the Trustees of the Trust.

15.     That the Trust does not have any policies regarding or enforcing the use of a restraint chair in the PCPSC.

16.     That the Trust does not have any policies regarding or enforcing the use of restraints within an inmate's cell in the PCPSC.

17.     That the Trust does not have any policies regarding or enforcing the use of tasers on an inmate of the PCPSC.

18.     That the Trust and/or the Trustees of the Trust were not personally involved in the incidents at issue in the above-captioned lawsuit, or in any event relating thereto.

FURTHER AFFIANT SAITH NOT.

_____
Larry Briggs

SUBSCRIBED AND SWORN to before me this 2 day of March, 2009.

[SEAL]

_____
Notary Public
Commission Expires: 10/29/10
Commission No.: 02018204

# EXHIBIT A
# TO
# AFFIDAVIT OF LARRY BRIGGS

POTTAWATOMIE COUNTY, NANCY BRYCE - COUNTY CLERK      RECE#: 2002 16113      **

Return To:
**Floyd Law Firm**
P.O. Box 396
Norman, OK 73070

TRUST INDENTURE

# FILED

CREATING THE

MAR 27 2002

POTTAWATOMIE COUNTY PUBLIC SAFETY CENTER TRUST OKLAHOMA SECRETARY
OF STATE

KNOW ALL MEN BY THESE PRESENTS:

This Trust Indenture dated as of the 4th day of FEB,
2002, by Sidney R. Clarke, hereinafter referred to as the Trustor,
and Larry E. Briggs, John W. Goodson, Randy Gilbert, Carolyn
Bassett and Clayton Eads and their respective successors as
provided herein, to be known as the Trustees of the Pottawatomie
County Public Safety Center Trust, who shall be and are
hereinafter referred to as Trustees of said Trust, hereinafter
referred to as "Trust".

WITNESSETH:

NOW THEREFORE in consideration of the payment by the Trustor
to the Trustees of the sum of One Dollar ($1.00), receipt of which
is hereby acknowledged, the mutual covenants herein set forth, and
other valuable considerations, the said Trustees agree to hold,
manage, invest, assign, convey and distribute as herein provided,
authorized and directed, such property as Trustor, or others may
from time to time assign, transfer, lease, convey, give, bequeath,
devise or deliver unto this Trust or the Trustees hereof.

TO HAVE AND HOLD such property and the proceeds, rents,
profits and increases thereon unto said Trustees and said
Trustees' successors and assigns, but nevertheless in trust, for
the use and benefit of Pottawatomie County, State of Oklahoma,
such County being hereby designated and hereinafter referred to as
"Beneficiary", and upon the following trust, terms and conditions
here stated.

## Article I

### Creation of Trust

The undersigned Trustor creates and establishes a Trust for
the use and benefit of the Beneficiary for the public purposes
hereinafter set forth, under the provisions of Title 60, Oklahoma
Statutes 1991, Sections 176 to 180.4, inclusive, as amended and
supplemented, the Oklahoma Trust Act and other applicable statutes
and laws of the State of Oklahoma.

1



POTTAWATOMIE COUNTY, NANCY BRYCE - COUNTY CLERK      RECE#: 2002 16113

## Article II

### Name and Effective Date of Trust

The Trustees of this Trust shall conduct all business and execute or authorize the execution of all instruments in the name of this Trust, which shall be the "Pottawatomie County Public Safety Center Trust" and otherwise perform the duties and functions required in the execution of this Trust, and hereby authorize the Chair or Vice Chair, Secretary or Assistant Secretary of the Trust to execute instruments on behalf of the Trust as directed by duly enacted resolutions of the Trust. This Trust Indenture shall be in full force and effect from and after the date of acceptance of beneficial interest herein by the Beneficiary.

## Article III

### Definitions

(a)  "Act" shall mean the Oklahoma Public Trust Act, being Title 60, Oklahoma Statutes 1991, Sections 176 to 180.4, as amended and supplemented.

(b)  "Bonds" or "Notes" shall mean respectively the bonds and notes of the Trust authorized to be issued under this Indenture.

(c)  "Beneficiary" shall mean Pottawatomie County, State of Oklahoma, acting by and through its Board of County Commissioners.

(d)  "Governmental Agency" shall mean the United States of America and the State or any department, division, public corporation, public agency, political subdivision or other public instrumentality of either.

(e)  "Lending Institution" shall mean any bank or trust company, Federal National Mortgage Association, mortgage banker, mortgage company, national banking association, savings bank, savings and loan association and any other financial institution or Governmental Agency or person.

(f)  "Indenture" shall mean this Trust Indenture establishing the Trust, as amended and supplemented from time to time.

(g)  "Mortgage" shall mean a mortgage, mortgage deed, deed of trust, security agreement or other instrument creating a lien on a fee interest in real and/or personal property located within the Beneficiary or a leasehold on such fee interest.

POTTAWATOMIE COUNTY, NANCY BRYCE - COUNTY CLERK       RECE#: 2002 16113

(h)   "Mortgage   Loan"   shall   mean   an   interest   bearing obligation secured by a Mortgage.

(i)   "State" shall mean the State of Oklahoma.

(j)   "Trust"  shall  mean  the  Pottawatomie  County  Public Safety Center Trust created pursuant to this Indenture, and the Trustees thereof, acting on behalf of and in the name of said Trust.

(k)   "Trustees" shall mean the Trustees of the Trust.

(l)   "By-Laws" shall mean any By-Laws duly adopted by the Trust as the same may be amended from time to time.

Article IV

Purposes of Trust

The purposes of this Trust are:

(1)   To assist the Beneficiary, the State of Oklahoma, its Governmental  Agencies,  and  private  entities,  agencies and citizens in making the most efficient use of all of their economic resources and powers in accord with the needs and benefit of the Beneficiary in order to lessen the  burdens  on  government  and  to  stimulate  economic growth  and  development;  to  promote  the  economic  well being   of   the   Beneficiary   by   improving   available resources,   increasing   meaningful   job   opportunities, promoting entrepreneurism and capital investment, while maintaining the Beneficiary's rural quality of life; to inventory the services, facilities and resources of the entire  Beneficiary;  to  promote,  stimulate,  encourage and  finance  the  growth  and  development  of  commerce, recreation, education, and industry of the Beneficiary as a whole, all in order to achieve maximum utilization of  the  Beneficiary's  human,  economic,  recreational, natural  resources  and  tourist  attractions;  to  foster and promote an industrial climate and the payroll of the  Beneficiary  and  to  otherwise  promote  its  general economic welfare and prosperity and to finance any and all  programs,  facilities  or  resources  promoting  or intending to promote any of the foregoing and, without restriction,  in  furtherance  of  the  foregoing  general objectives, the following specific powers or purposes, to-wit:

(a)   To promote and develop any and all public works projects or facilities of any type or description including  but  not  limited  to  those  for  water,

3

FILE DATE: 11/14/2002  FILE TIME: 11:52                    PAGE #: 0004 OF 0023
POTTAWATOMIE COUNTY, NANCY BRYCE - COUNTY CLERK      RECE#: 2002 16113

sewer, sold waste, recycling, recovery, materials
reduction, communication, power, natural gas or
other public utilities of any type or description.

(b)  To promote, develop, own, lease and finance
     projects or facilities relating to correctional
     facilities, jails, or other facilities relating to
     the administration of justice and any programs
     related to the foregoing which will lessen the
     burdens of government.

(c)  To promote, finance and develop commercial and
     industrial projects or facilities and to exercise
     all of the powers, privileges and prerogatives of
     industrial trusts within this State.

(d)  To promote, finance and develop any other projects
     or facilities which will provide public facilities
     and/or aid the Beneficiary town or any other level
     of government.

(e)  To plan, establish, develop, construct, finance,
     enlarge, remodel, acquire, improve, make
     alternations, extend, maintain, equip, operate,
     lease, furnish and regulate any facilities related
     to any of the foregoing, and, if desired, to lease
     such facilities and to operate the same in
     connection therewith, and to do, perform, own,
     acquire, construct or engage in or finance any
     other enterprise or activity, project or facility
     to such extent and in such manner as now is or may
     be considered a proper and lawful function of
     public trust entities within the State of
     Oklahoma.

(2)  To hold, maintain and administer any leasehold rights
     in and to physical properties demised to the
     Beneficiary and to comply with the terms and conditions
     of any such lease.

(3)  To acquire by lease, purchase, production, reduction to
     possession or otherwise, and to plan, establish,
     develop, construct, enlarge, improve, extend, maintain,
     equip, operate, furnish, provide, supply, regulate,
     hold, store and administer any and all physical
     properties (real, personal or mixed), rights,
     privileges, immunities, benefits and any other thing of
     value, designated or needful for utilization in
     furnishing, providing or supplying the aforementioned
     services, utilities, buildings and facilities; to
     finance and refinance and to enter into contracts of

4

FILE DATE: 11/14/2002  FILE TIME: 11:52       PAGE #: 0005 OF 0023
POTTAWATOMIE COUNTY, NANCY BRYCE - COUNTY CLERK       RECE#: 2002 16113

purchase, lease-purchase or other interest in or operation and maintenance of said properties, and revenues thereof, and to comply with the terms and conditions of any such contracts, leases or other contracts made in connection with the acquisition, equipping, maintenance and disposal of any of said property; and to relinquish, dispose of, rent or otherwise make provisions for properties owned or controlled by the Trust but no longer needful for Trust purposes.

(4)  To acquire, construct, reconstruct, extend, lease, purchase, install, equip, maintain, repair, enlarge, remodel and operate any property, improvements, buildings and other facilities of every nature for use by the State of Oklahoma, the United States of America, or Pottawatomie County, or for the use of corporations, non-profit corporations, individuals, partnerships, associations or proprietary companies for industrial, recreational and economic development.

(5)  To perform on behalf of the Beneficiary the functions and powers as authorized by industrial and economic development statutes.

(6)  To provide funds for the cost of financing, refinancing, acquiring, constructing, purchasing, equipping, maintaining, leasing, repairing, improving, extending, enlarging, remodeling, holding, storing, operating and administering any or all aforesaid property, improvements, buildings, facilities and all properties (real, personal or mixed) needful for executing and fulfilling the Trust purposes, as set forth in this instrument, and all other charges, costs and expenses necessarily incurred in connections therewith and in so doing, to incur indebtedness, either unsecured or secured by all or any part of the Trust Estate and its revenues.

(7)  To expend all funds coming into the hands of the Trustees as revenue or otherwise for the payment of any indebtedness incurred by the Trustees for the purposes specified herein, and in the payment of the aforesaid costs and expenses, and in payment of any other obligation properly chargeable against the Trust Estate, and to distribute the residue and remainder of such funds to the Beneficiary.

(8)  To formulate, develop and administer or utilize new, short-range or long-range programs, plans or activities relating to the improvement of law enforcement,

5

corrections and related social services, in order to provide assistance, services, facilities and resources for the benefit of the people of the Beneficiary.

(9)   To prepare and implement regulatory and administrative measures in support of the activities of the Trust such as by-laws, rules and regulations pertaining to the various Trust programs and to establish committees composed of members who may or may not be Trustees to make studies, administer programs, render reports and for any other purpose that the Trustees may from time to time determine.

## Article V

### Duration of Trust

This Trust shall have duration for the term of duration of the Beneficiary and until such time as its purposes shall have been fully fulfilled, or until it shall be terminated as hereinafter provided.

## Article VI

### The Trust Estate

The Trust Estate shall consist of:

(1)   The funds and property presently in the hands of the Trustees or to be acquired or constructed by Trustees and dedicated by the Trustor, the Beneficiary and others to be used for trust purposes.

(2)   Any and all fee simple, leasehold rights and any other interests in real property demised to the Trustees by the Beneficiary, and others as authorized and empowered by law.

(3)   Any and all money, property (real, personal or mixed), rights, chooses in action, contracts, leases, privileges, immunities, licenses, franchises, benefits, Mortgages, Mortgage Loans, collateral and all other things of value coming into the hands of the Trustee under the Trust Indenture.

(4)   Cash in the sum of $1.00 paid to the Trustee, receipt of which is hereby acknowledged by the Trustee.

FILE DATE: 11/14/2002   FILE TIME: 11:32          RECE#: 2002 16113
POTTAWATOMIE COUNTY, NANCY BRYCE - COUNTY CLERK

## Article VII

### The Trustees

(1)   The Trustees of this Trust shall be citizens and residents of the Beneficiary, all of whom will be appointed by the Board of County Commissioners of the Beneficiary, hereafter called the "Governing Board". Trustee Clayton Eads shall serve a one-year term from the date of appointment by the Governing Board; Trustees Randy Gilbert and Carolyn Bassett shall serve two-year terms from the date of appointment and Trustees John W. Goodson and Larry E. Briggs shall serve three-year terms from the date of appointment. The Trustees shall select the person who shall serve as Chair of the Trustees. The Trustees and the Beneficiary may, from time to time, amend the Indenture pursuant to Article XI herein, for the purpose of appointing additional trustees to serve for stated terms of no more than three years each.

(2)   The person who shall be the Chair of the Trustees shall preside at all meetings and perform other duties designated by the Trustees and shall serve until a successor be duly elected and qualified. The Trustees shall designate the time and place of all regular meetings. All actions by the Trustees pursuant to the provisions of this Trust Indenture shall be approved by the affirmative vote of at least a majority of the Trustees qualified to act as such under the provisions of this Trust Indenture; provided, if a greater affirmative percentage vote is required by law, such legally required greater affirmative percentage vote shall be required for vote on that particular matter in order that the laws of the State of Oklahoma may be fully complied with in all respects. The Trustees shall select one of their members who shall serve as the Vice Chair, and who shall act in the place of the Chair during the latter's absence or incapacity to act and such person shall serve until the Chair's successor be duly elected and qualified.

(3)   The Trustees shall elect the person who shall serve as Secretary-Treasurer of the Trustees, and the Trustees may select one or more Assistant Secretaries of the Trustees, all of whom may or may not be Trustees of the Trust. The Secretary (and in his absence, an Assistant Secretary) shall keep minutes of all meetings of the Trustees and shall maintain complete and accurate records of all their financial transactions, all such minutes, books and records to be on file in the office

FILE DATE: 11/14/2002
POTTAWATOMIE COUNTY, NANCY BRYCE - COUNTY CLERK        RECE#: 2002 16113

of the Trust. All meetings of the Trustees shall be open to the public, and conducted in conformity with the provisions of Oklahoma law related to open meetings, and the books, records and minutes of the Trustees shall be considered as public records and available for inspection at all times by any interested party in conformity with applicable provisions of the Oklahoma Open Records Act.

The Trustees may select one or more Assistant Treasurers of the Trustees, all of whom may or may not be Trustees of the Trust.

(4)  The Trustees may appoint a Chief Executive Officer ("CEO") and/or Executive Director for the Trust Estate, as well as a Management Board which when created, shall undertake responsibilities assigned to them from time to time by the Trustees; and the Trustees may employ such other clerical, professional, legal and technical assistance as may be deemed necessary in the discretion of the Trustees to properly operate the business of the Trust Estate, and may fix their duties, terms of employment and compensation from the Trust Estate. All Trustees shall serve without compensation but shall be reimbursed for actual expenses incurred in the performance of their duties hereunder. The said CEO/General Manager shall administer the business of the Trust Estate as directed from time to time by the Trustees. The CEO/General Manager may not be a Trustee.

(5)  The Trustees are authorized to contract, in connection with the incurring of any funded indebtedness secured by the Trust Estate and/or its revenues, or any part of either or both, that in the event of a default in the fulfillment of any contract obligation undertaken on behalf of the Trust Estate or in the payment of any indebtedness incurred on behalf of the Trust Estate, that a Temporary Trustee or Trustees or Receiver shall be appointed to succeed to the rights, powers and duties of the Trustees then in office. Any such contract, if made, shall set out the terms and conditions under which such Temporary Trustee or Trustees or Receiver shall be appointed, and operate the Trust Estate and provide for compensation to be paid, and appointment to be vacated and permanent Trustees to be automatically reinstated upon termination of all defaults by which their appointment was authorized.

FILE DATE: 11/14/2002   FILE TIME: 11:32
POTTAWATOMIE COUNTY, NANCY BRYCE - COUNTY CLERK     RECE#: 2002 16113

(6)   Bonds or other evidence of indebtedness to be issued by
the Trustees shall not constitute an indebtedness of
the State or the Beneficiary or personal obligations of
the Trustees of the Trust, but shall constitute
obligations of the Trustees payable solely from the
Trust Estate.

(7)   The Trustees, the State, and the Beneficiary hereof
shall not be charged personally with any liability
whatsoever by reason of any act or omission committed
or suffered in good faith or in the exercise of their
honest discretion in the performance of such Trust or
in the operations of the Trust Estate; but any act or
liability for any omission or obligation of the
Trustees in the execution of such Trust, or in the
operation of the Trust Estate, shall extend to the
whole of the Trust Estate or so much thereof as may be
necessary to discharge such liability or obligation.

(8)   Notwithstanding any other provision of this Indenture
which shall appear to provide otherwise, no Trustee or
Trustees shall have the power or authority to bind or
obligate any other Trustee, or the Beneficiary, in his
or its capacity, nor can the Beneficiary bind or
obligate the Trust or any individual Trustee.

(9)   The Trust shall cause to be prepared annually at the
close of each fiscal year of the Trust, an audit of the
funds, financial affairs and transactions of the Trust,
including but not limited to all fees, salaries and
expenditures in exact amounts and listing to whom paid.
Such audit is to be certified with an unqualified
opinion of an independent, certified public accountant.
A copy of such annual audit shall be filed within the
time period and in conformity with the provisions of
Oklahoma law related thereto. Unless hereafter changed
by resolution of the Trustees, the fiscal year of the
Trust shall be identical with the fiscal year of the
Beneficiary. The cost of the foregoing audits shall be
paid from the Trust Estate.

(10)  Every person becoming a Trustee first shall take the
oath of office required of an elected public officer.
The oath of office shall be administered by any person
authorized to administer oaths in the State, and shall
be filed with the proper authorities and in the manner
prescribed by the Act (and/or as otherwise prescribed
by the laws of the State of Oklahoma). Every non-
Trustee officer and/or employee who handles funds of
the Trust shall furnish a good and sufficient fidelity
bond in an amount and with surety as may be specified

9

FILE DATE: 11/14/2002   FILE TIME:
POTTAWATOMIE COUNTY, NANCY BRYCE - COUNTY CLERK   REC#: 2002 16113

by law and as specified and approved by the Trustees;
the Trustees may, but shall not be obligated to, obtain
bonds relating to the performance of their duties as
Trustees. Such bonds shall be in a surety company
authorized to transact surety business in the State of
Oklahoma and the cost thereof shall be paid from funds
of the Trust.

### Article VIII

### Powers and Duties of the Trustees

To accomplish the purposes of the Trust, the Trustees shall
have, in addition to the usual powers incident to their office and
the powers granted to them otherwise by law or in other parts of
this Trust Indenture, the following rights, powers, duties,
authority, discretion and privileges, all to be exercised on
behalf of, and in the name of the Trust:

(1) To sue and be sued;

(2) To have a seal and alter same at pleasure;

(3) To make and execute contracts and all other instruments
necessary or convenient for the exercise of its powers
and functions hereunder;

(4) To make and alter by-laws for its organization and
internal management as provided herein;

(5) To make and alter Rules and Regulations pertaining to
any loan or other program developed by the Trust;

(6) To acquire, lease, convey or otherwise hold and dispose
of real and personal property for its Trust purposes;
provided that, no purchaser at any sale or lessee under
a lease made by the Trustees shall be bound to inquire
into the expediency, propriety, validity or necessity
of such sale or lease or to see or be liable for the
application of the purchase or rental monies arising
therefrom;

(7) To enter into contracts for sale of Bonds, Notes or
other evidences of indebtedness, interim Notes or Bonds
or other obligations of the Trust and to issue the same
for any of the purposes of the Trust authorized hereby
including but not limited to: the acquisition,
construction, reconstruction, equipping or otherwise
financing facilities discussed in Article IV hereof or
for any other lawfully permitted facilities which may
be secured with Mortgages, security interests or other
collateral satisfactory to the Trustees; acquiring real

10

FILE DATE: 11/14/2002  FILE TIME: 11:32        PAGE #: 0011 OF 0023
POTTAWATOMIE COUNTY, NANCY BRYCE - COUNTY CLERK    RECE#: 2002 16113

or personal property or facilities at foreclosure of any loan or obligation authorized to be acquired pursuant to the terms of this Trust Indenture or other purposes authorized under any instrument securing any indebtedness of the Trust; refunding or advance refunding any outstanding indebtedness of the Trust; creating any reserves or replacement funds, loan funds or other funds or accounts deemed advisable by the Trustees in furtherance of the Trust purpose or in connection with the securing of any of the Trust's debts or the administration of Trust programs; and for any other purpose authorized by law and/or by Article IV hereof; and for those purposes the Trustees may:

(a)  Sell all Bonds, Notes or other evidences of indebtedness or obligations of the Trust at public or private sale in whole or in installments or series and on such terms and conditions and in such manner as is prescribed by law and as the Trustees shall deem to be in the best interest of the Trust Estate; and

(b)  Appoint and compensate attorneys, paying agencies and corporate Trustees in connection with issuance of any such Bonds, Notes, evidences of indebtedness or other obligations of the Trust; and

(c)  Pay all expenses incident to the creation of any indebtedness or the issuance of any Bonds or Notes including, but not limited to, printing expenses, feasibility studies, special consultants, travel expenses, reproduction expenses; and

(d)  Create any reserve fund and other funds and accounts as the Trust shall deem necessary or desirable in connection with the issuance of any Bonds, Notes or the incurrence of any such indebtedness.

Any such indebtedness, Bonds or Notes shall be deemed to be incurred or issued on behalf of the Beneficiary and may be general or special obligations of the Trust as the Trustees may from time to time determine;

(8)  To purchase or redeem their Bonds, Notes or other evidences of indebtedness in whole or in part prior to the stated maturity thereof as may be stated in any instrument authorizing the issuance or securing the payment of any such indebtedness;

11

(9)  To pledge any or all of the Trust's revenues or assets to secure the payment of any of its indebtedness;

(10) To enter into any agreements with or participate in any programs of the Beneficiary, the State of Oklahoma, or other States or subdivisions thereof, or any agency or instrumentality thereof, the United States of America, or any agency or instrumentality thereof;

(11) To enter into and execute, purchase, lease or otherwise acquire property, real, personal or mixed, contracts, leases, rights, privileges, benefits, chooses in action or other things of value and to pay for the same in cash with bonds or other evidences of indebtedness or otherwise;

(12) To fix, demand and collect charges, rentals and fees for the services and facilities of the Trust and to discontinue furnishing of services and facilities to, and foreclose on any collateral of, any person, firm, corporation, or public instrumentality, delinquent in the payment of any indebtedness to the Trust; to purchase and sell such supplies, goods and commodities as are incident to the operation of its properties;

(13) To make and perform contracts of every kind, including management contracts, with any person, firm, corporation, association, joint venture, trusteeship, municipality, government, sovereignty or other entity; and without limitation as to amount, to draw, make, accept, endorse, assume, guarantee, account, execute and issue promissory notes, drafts, bills of exchange, acceptances, warranties, bonds, debentures and other negotiable or non-negotiable instruments, obligations and evidences of unsecured indebtedness, or of indebtedness secured by mortgage, deed of trust or otherwise upon any or all income of the Trust, in the same manner and to the same extent as a natural person might or could do; to collect and receive any property, collateral, money, rents, or income of any sort and distribute the same or any portion thereof for the furtherance of the authorized Trust purposes set out herein;

(14) To exercise (to the extent permitted by law) or to request of, arrange or contract with the Beneficiary or any governmental unit, agency or political subdivision thereof for the exercise of eminent domain as necessary in establishing, operating, administering, and maintaining any Trust facilities, systems, projects or programs;

12

(15) To expend all funds coming into the hands of the Trustees as revenue or otherwise for the payment of any indebtedness incurred by the Trustees for purposes specified herein, and in the payment of the aforesaid costs and expenses, and in payment of any other obligation properly chargeable against the Trust Estate, to from time to time transfer any surplus funds to the Beneficiary as the Trust in its sole discretion may determine, and to upon termination of the Trust, distribute the residue and remainder of such funds to the Beneficiary;

(16) To contract for services with firms or persons or other units and entities of government or private entities or agencies to carry out the purposes of the Trust; to apply for, contract for, receive and expend for its purposes, funds or grants from any governmental of non-governmental agency or entity, the Beneficiary, other States, the Federal Government or any agency or department thereof, or from any other source;

(17) To receive funds, money, property, collateral, services, rights, and chooses in action from any source to finance the programs and operations of the Trust; to receive grants, gifts, contributions and donations to carry out the purposes for which the Trust is formed; to receive and accept from any Federal, State or private agencies or entities grants or loans for or in aid of the construction of any facility or system and to receive and accept aid or contributions of money, labor or any other valuable things from any source;

(18) To plan, coordinate, implement, administer or otherwise carry out public works or other projects or programs for public purposes for the benefit of the Beneficiary;

(19) To invest monies of the Trust not required for immediate use, including proceeds from the sale of any Bonds or Notes, in obligations of any Governmental Agency or obligations the principal and interest of which are guaranteed by such Governmental Agency or in certificates of deposit or time deposits secured in such manner as the Trust shall determine, or in obligations of any agency of the State or the United States of America which may from time to time be legally purchased by banks within the State as an investment of funds belonging to them or in their control;

13

(20) To sell any personal property acquired by the Trust at public or private sale and at such price or prices as it shall determine;

(21) To renegotiate, refinance or foreclose, or contract for the foreclosure of, any Mortgage, security interest or other obligation in default; to waive any default or consent to the modification of the terms of any Mortgage; to commence any action to protect or enforce any right conferred upon it by any law, Mortgage, security interest, contract or other agreement, and to bid for and purchase such property at any foreclosure or at any other sale, or acquire or take possession of any such property; to operate, manage, rehabilitate, improve, lease, dispose of, and otherwise deal with such property, in such manner as may be necessary to protect the interests of the Trust and the holders of its Bonds, Notes or other obligations;

(22) To renegotiate or refinance any loan in default; waive any default or consent to the modification of the terms of any loan, and commence any action or proceedings to protect or enforce any right conferred upon it by law, loan agreement, contract or other agreement;

(23) To make and execute contracts and appoint agents for the administration or servicing of any loan made or acquired by the Trust and pay the reasonable value of services rendered to the Trust pursuant to such contracts;

(24) To sell any loans made or acquired by the Trust at public or private sale and at such price or prices and on such terms as the Trust shall determine;

(25) To collect and pay reasonable fees and charges in connection with making, committing to make, purchasing or committing to purchase and servicing its Loans, Notes, Bonds, commitments, and other evidences of indebtedness;

(26) To procure insurance against any type of loss in such amounts, and from such insurers, as it may deem necessary or desirable;

(27) To consent, whenever it deems it necessary or desirable in the fulfillment of its Trust purposes, to the modification of the rate of interest, time of payment of any installment of principal or interest, or any other terms of any loan, construction loan, temporary

14

POTTAWATOMIE COUNTY, NANCY BRYCE - COUNTY CLERK    RECE#: 2002 10113

loan, contract or agreement of any kind to which the Trust is a party;

(28) To do any and all things necessary or convenient to carry out its purposes and exercise the powers given and granted herein, and to do all other acts in their judgment necessary or desirable, for the proper and advantageous management, investment and distribution of the Trust Estate and income therefrom;

(29) To exercise exclusive management and control of the properties of the Trust Estate;

(30) To contract for the furnishing of any services or the performance of any duties that they may deem necessary or proper, and pay for the same as they see fit;

(31) To select depositories for the funds and securities of this Trust; all Lending Institutions are eligible to participate in the programs of the Trust and act as such depositories with approval of the Trust;

(32) To compromise any debts or claims of or against the Trust Estate, and adjust any dispute in relation to such debts or claims against the Trust Estate upon any evidence deemed by the Trustees to be sufficient. The Trustees may bring any suit or action which in their judgment is necessary or proper to protect the interest of the Trust Estate, or to enforce any claim, demand or contract for the Trust; and they shall defend, in their discretion, any suit against the Trust, or the Trustees or employees, agents or servants thereof; they may compromise and settle any suit or action, and discharge the same out of assets of the Trust Estate, together with court costs and attorney's fees; all such expenditures shall be treated as expenses of executing this Trust; and

(33) To do each and all things necessary to implement the purposes of this Trust as set out herein, and to that end Article IV "Purposes of Trust" is incorporated in its entirety under this "Powers" Article for the purpose of insuring that all appropriate power is granted to the Trustees to accomplish the purposes hereof without inhibition.

15

POTTAWATOMIE COUNTY, NANCY BRYCE - COUNTY CLERK     PAGE #: 0016 OF 0023
RECE#: 2002 16113

## Article IX

### Supervisory Control

The Trust created hereby and the Trustees appointed hereunder are subject to such supervision and control as may be determined from time to time by the Legislature of the State or by regulations that may be issued by departments or agencies of the United States of America, to insure the legality of all debt issued by the Trust and to insure the tax exempt status of any tax exempt Bonds, Leases, Notes or other evidences of indebtedness issued by the Trust.

## Article X

### Beneficiary of Trust

(1)     The Beneficiary of this Trust shall be Pottawatomie County, State of Oklahoma, under and pursuant to Title 60, Oklahoma Statutes 1991, Sections 176 to 180.4, inclusive, as amended and supplemented, and other applicable statutes of the State presently in force and effect.

(2)     The Beneficiary shall have no legal title, claim or right to the Trust Estate, its income, or to any part thereof or to demand or require any partition of distribution thereof. Neither shall the Beneficiary have any authority, power or right whatsoever, to do or transact any business for, or on behalf of or binding upon the Trustees or upon the Trust Estate, nor the right to control or direct the actions of the Trustees pertaining to the Trust Estate or any part thereof except as herein provided. The Beneficiary shall be entitled solely to the benefits of this Trust as administered by the Trustees hereunder, and at the termination of the Trust, as provided herein, and then only, the Beneficiary shall receive the residue of the Trust Estate.

## Article XI

### Adoption and Amendment of By-Laws;
### Amendment and Termination of Trust

This Trust Indenture may be amended by an affirmative vote of at least two-thirds (2/3) of all Trustees and any such proposed amendment shall be further approved by the affirming vote of two-thirds (2/3) of the Board of Trustees of the Beneficiary before becoming effective.

POTTAWATOMIE COUNTY, NANCY BRYCE - COUNTY CLERK       RECE#: 2002 16113

The Trustees, by an affirmative vote of a majority of all Trustees, may adopt, alter and amend By-Laws of the Trust.

PROVIDED, HOWEVER, that this Trust Indenture shall not be subject to revocation, alteration, amendment, revision, modification or termination in any manner which would be adverse to the interest of the holders of any evidence of indebtedness of the Trust without the consent of holders of indebtedness who would be adversely affected, which consent may be given by less than all such holders, if so provided in any resolution, indenture or agreement relating to such indebtedness.

This Trust shall terminate--

(1)   When the purposes set out in Article IV of this instrument shall have been fully executed; or

(2)   In the manner provided by Oklahoma law. Provided, however, that this Trust shall not be terminated by voluntary action while there be outstanding indebtedness or fixed term obligations of the Trustees, unless all owners of such indebtedness or obligations shall have consented in writing to such termination.

Upon the termination of this Trust, the Trustees shall proceed to wind up the affairs of this Trust, and after payments of all debts, expenses and obligations out of the monies and properties of the Trust Estate to the extent thereof, shall distribute the residue of the money and properties of the Trust Estate to the Beneficiary hereunder. Upon final distribution, the powers, duties and authority of the Trustees hereunder shall cease.

## Article XII

The Trustees accept the Trust herein created and provided for, and agree to carry out the provisions of this Trust Indenture on their part to be performed.

17

POTTAWATOMIE COUNTY, NANCY BRYCE ~ COUNTY CLERK     RECE#: 2002 16113

IN WITNESS WHEREOF, the Trustor and the Trustees have hereunto set their hands on the day and year indicated.

_____          _____
Sidney R. Clarke, Trustor                Larry E. Briggs, Trustee

                                         _____
                                         John W. Goodson, Trustee

                                         _____
                                         Randy Gilbert, Trustee

                                         _____
                                         Carolyn Bassett, Trustee

                                         _____
                                         Clayton Eads, Trustee

18

POTTAWATOMIE COUNTY, NANCY BRYCE - COUNTY CLERK    RECE#: 2002 16113

## ACKNOWLEDGEMENT

STATE OF OKLAHOMA          )
                          ) SS
COUNTY OF POTTAWATOMIE     )

On this ___12th___ of ___March___, 2002, before me, the undersigned, personally appeared Sidney R. Clarke as the Trustor, and Larry E. Briggs, John W. Goodson, Randy Gilbert, Carolyn Bassett and Clayton Eads, to me known to be the identical persons who signed their names as Trustees to the within and foregoing instrument, and acknowledged to me that they executed the same as their free and voluntary act and deed for the uses and purposes therein mentioned and set forth.

GIVEN UNDER MY HAND AND SEAL the day and year last above written.

(SEAL)

My term expires: ___7-1-2008___

19

POTTAWATOMIE COUNTY, NANCY BRYCE - COUNTY CLERK      RECE#: 2002 16113

## ACCEPTANCE

STATE OF OKLAHOMA            )
                            )SS
COUNTY OF POTTAWATOMIE       )

KNOW ALL MEN BY THESE PRESENTS:

That the Board of County Commissioners of Pottawatomie County, Oklahoma, a political subdivision of the State of Oklahoma, hereby accepts the beneficial interest in the Trust created by the within and foregoing Trust Indenture, dated as of _February 4_ , 2002, for and on behalf of said beneficiary in all respects in accordance with the terms of said Trust Indenture.

WITNESS my hand as Chair of the Board of County Commissioners, Pottawatomie County, Oklahoma, attested by the County Clerk of the Pottawatomie County, Oklahoma, pursuant to direction of said Board of County Commissioners, this _4_ day of _February_ , 2002.

                          POTTAWATOMIE COUNTY, OKLAHOMA


                          _____, Chair
                          Board of County Commissioners

ATTEST:


_Nancy Bryce_____
_____ County Clerk

(SEAL)

20

POTTAWATOMIE COUNTY, NANCY ERYCE - COUNTY CLERK        RECE#: 2002 16113

STATE OF OKLAHOMA          )
                           ) SS
COUNTY OF POTTAWATOMIE     )

## OATH OF OFFICE

We, the undersigned, do solemnly swear (or affirm) that we will support, obey and defend the Constitution of the United States and the Constitution of the State of Oklahoma and that we will not, knowingly, receive, directly or indirectly, any money or other valuable thing, for the performance or non-performance of any act or duty pertaining to our office, other than the compensation allowed by law. We further swear (or affirm) that we will faithfully discharge our duties as Trustees of the Pottawatomie County Public Safety Center to the best of our ability.

DATED this 12th day of March_____, 2002.

_____
Larry E. Briggs, TRUSTEE

_____
John W. Goodson, TRUSTEE

_____
Randy Gilbert, TRUSTEE

_____
Carolyn Bassett, TRUSTEE

_____
Clayton Eads, TRUSTEE

21

COUNTY CLERK          RECE#: 2002 16113

STATE OF OKLAHOMA        )
                           ) SS
COUNTY OF POTTAWATOMIE   )

### AFFIDAVIT OF ADMINISTERING OFFICER

I, the undersigned Officer, designated under Title 51, Oklahoma Statutes Annotated, Section 21, as authorized to administer oaths to public officers in the State of Oklahoma, hereby aver and affirm that I administered the foregoing Oath of Office orally to the aforesaid Trustees and that said Trustees, in my presence, and each of them, did orally repeat, take and subscribe to the foregoing Oath of Office.

Dated this 12th day of March , 2002.

_Paul M. Vuner_

Subscribed and sworn to before me this 12th day of March , 2002.

_Notary Public_

My Commission Expires: 7-1-2002

(SEAL)

22

**EXHIBIT B**
**TO**
**AFFIDAVIT OF LARRY BRIGGS**

## EMPLOYMENT AGREEMENT

**THIS EMPLOYMENT AGREEMENT** ("Agreement") is made and entered into as of September 14, 2002 (the "Effective Date") by and between the Pottawatomie County Public Safety Center Trust (hereinafter referred to as "Employer") and Rod Bottoms (hereinafter referred to as "Employee").

1.    Employer agrees to and does employ Employee as of October 1, 2002, as Administrator of the Pottawatomie County Jail and Carter Hall and as Construction manager of the new Pottawatomie County Jail.

2.    This contract will be in force for three (3) years.  After this period, it shall continue in force until it is mutually agreed that the same shall terminate, or either party may terminate the same without cause at the end of each month by giving a three (3) month written notice.  If Employee is terminated without cause as defined in paragraph 3 hereof, Employer shall pay to Employee the balance of unpaid salary and accumulated vacation time as though Employee had completed the full three-year term of the Agreement.  The remaining balance owed under the agreement may be paid in a lump sum or periodically as though Employee had remained in his position at the option of Employer.  Any termination by Employer, with or without cause, shall require an affirmative vote of at least four of the five members of Employer's governing board.

3.    Employee's employment under this Agreement may be terminated by Employer for "cause" which shall be defined as follows:  (A) Employee's willful, deliberate and material dishonesty in the performance of his duties

hereunder; or (B) Employee's conviction for any felony or crime involving moral turpitude; or (C) A material breach by Employee of Employee's obligations under this Agreement which is demonstrably willful and deliberate on the Employee's part, which is committed in bad faith or without reasonable belief that such breach is in the best interest of the employer; or (D) Failure of Employee to perform his job in a reasonable and prudent manner according to generally accepted jail management practices and standards and Employee's failure to cure such defects in performance within sixty (60) days after written notice thereof.   Any termination for cause must be accompanied by written notice specifying the bases and material details resulting in such termination.

5.      Employee will receive a salary of $60,000.00 annually to serve as Jail and Carter Hall Administrator.   Employee will receive a salary of $20,000.00 annually to serve as Construction Manager of the new Pottawatomie County Jail.

6.      Employee shall receive Health, Life, Leave and Retirement benefits similar with plans available to employees of Pottawatomie County.

7.      Employee will receive an $8,000.00 relocation and transition allowance to be refunded if Employee does not complete the contractual period of three years due to Employee's voluntary termination.

8.      Employer shall defend, indemnify and hold Employee harmless for all claims and/or liabilities that Employee is subject to for any third parties (including costs and expenses incurred by Employee or the Employer in connection with investigating and defending such claims or liabilities) to

the fullest extent permitted by applicable law provided that such claims or liabilities arise out of or are related to Employee's employment, position or actions with or on behalf of the Employer, and even if such claims are based upon Employee's own negligence and/or fault, and provided further that Employee's actions or conduct were not in bad faith and did not involve intentional violation of law or intentional misconduct.

**IN WITNESS WHEREOF**, the parties have set their respective hands and seals this ___18th___ day of September, 2002.

**Employer**

By: _Larry Briggs_

Dated:_September 18_,2002

**Employee**

By: _Rodney V. Bottoms_

Dated:_September 19, 2002_

## "ADDENDUM"
## TERMS OF EMPLOYMENT

- Start date of October 1, 2002

- Three-year employment contract

- Salary of $60K annually to serve as Jail and Carter Hall Administrator; $20K annually to serve as Construction Manager of new Pottawatomie County Jail

- Cost of living raises, etc., consistent with other County employees

- Health and life insurance/similar to County

- Retirement program/similar to County

- Four weeks of vacation or paid leave annually

- Automobile or automobile access

- $8K Relocation and transition allowance to be refunded if Employee does not complete contractual period due to Employee's voluntary termination.

- Membership in the AJA, ACA, FBINA and NSA

- Registration and expenses to attend one professional conference per year

- Office to be located in County Commissioners building

- Administrative assistant

- Computers and printers for he and his assistant

- Jail construction software

- Copier or copier access

- Cell phone and pager

- All outside consulting must be approved by the Trust

**Employer**

By: _Gary Briggs, Chmn._

Dated: September 18, 2002

**Employee**

By: _Rodney V. Bottoms_

Dated: September 19, 2002

**EXHIBIT C
TO
AFFIDAVIT OF LARRY BRIGGS**

## DETENTION SERVICES OPERATIONAL AGREEMENT BETWEEN THE POTTAWATOMIE COUNTY PUBLIC SAFETY CENTER TRUST AND THE POTTAWATOMIE COUNTY SHERIFF

This Agreement is entered into by and between the Board of County Commissioners of Pottawatomie County, Oklahoma, a political sub-division of the State of Oklahoma, (hereinafter called "Commissioners"), the Pottawatomie County Sheriff (hereinafter called "Sheriff"), and the Pottawatomie County Public Safety Center Trust, an Oklahoma Public Trust (hereinafter called "Trust").

### WITNESSETH:

WHEREAS, the Pottawatomie County Public Safety Center Trust has been created in part to manage and operate the jail and juvenile detention facilities of Pottawatomie County, and

WHEREAS, the Sheriff of Pottawatomie County will be relieved of these obligations but will continue to share space with the Trust Director ("Director") and interact with Trust employees, and

WHEREAS, it is the wish of both the Sheriff and Director that the continued interaction of the various law enforcement services and employees of each entity be cooperative in action and in spirit, and

WHEREAS, both parties feel that a clear delineation of each party's responsibilities will facilitate the smooth operation of the detention facilities.

NOW, THEREFORE, in consideration of the mutual covenants and agreements hereinafter set forth, the parties hereto agree as follows:

1       The terms of this Agreement shall commence on the date of execution by all parties and shall terminate at midnight on the 30th day of June, 2003, unless sooner terminated by mutual agreement of the parties. This Agreement will automatically renew itself for a period of one (1) year, commencing on July 1, 2003 unless terminated by mutual agreement of the parties within thirty (30) days of the original termination date. The parties may renew this Agreement for additional one-year terms until such time as a new Public Safety Detention Center is constructed and opened in Pottawatomie County, Oklahoma.

1

2.      Effective October 15, 2002 the Trust will be responsible for the management of the jail area of the Pottawatomie County Courthouse Building and of the Juvenile Detention Center known as Carter Hall.

3.      Management responsibility will include all functions and services required to incarcerate prisoners in both the county jail and the juvenile detention center including, but not limited to booking, feeding, supplying of medical care, appearances in court and release or transportation as required by the circumstances for each prisoner.

4.      All management authority for the Pottawatomie County Jail and Juvenile Detention Center will be with the Director.  The Sheriff will be released from any obligation to run the jail operations but may be consulted from time to time by the Director, as necessary.

5.      All personnel employed by the Sheriff to run the Pottawatomie County Jail, as well as those employees running the juvenile detention center shall be directly responsible to the Director.  These personnel shall remain on the County payroll to maintain their present benefits status until such time as the Oklahoma Public Employee Retirement System ("OPERS") accepts the Trust's request to be covered by OPERS for the purpose of benefits for the employees.

6.      The Director will be an employee of and paid for by the Trust.

7.      The Director will appoint two (2) facility commanders, one for adult detention and the other for juvenile detention. Each commander will be independent of the other and answer directly to the Director. Each commander shall supervise the operation and employees involved in each commander's section.

8.      The Sheriff and Director have agreed to establish certain "common areas" within the Sheriff's department in the courthouse.  These areas include the public intake window, stairs, elevators, records storage and all other areas mutually agreed to by the Sheriff and the Director.

9.      All parties agree that mutual cooperation is absolutely necessary for the operation of detention services to adequately continue. The Sheriff and Director agree that any issues requiring future clarification will be resolved through a joint meeting between the Sheriff and Director.

10.     Commissioners, Sheriff and Director all agree to maintain all present insurance coverages to protect all parties from liability as a result of the operation and care of the detention facilities in Pottawatomie County.

11.     The provisions of this Agreement shall be severable, and if any part or provision shall be held void by a Court of competent jurisdiction, the remaining parts shall then constitute the Agreement.

12.     Any amendment to this Agreement must be in writing and approved by the parties.

13.     All covenants, stipulations and agreements in this Agreement shall extend to and bind each party hereto, its legal representatives, successors and assigns.

14.     This Agreement may be executed in multiple counterparts, each of which shall be deemed an original.

IN WITNESS WHEREOF, the parties hereto execute this Agreement this _____ day of _____, 2002.

POTTAWATOMIE COUNTY PUBLIC
SAFETY CENTER TRUST,

_____ Date:_____
CHAIRMAN OF THE BOARD

_____ Date: _____
EXECUTIVE DIRECTOR

ATTEST:

_____
TRUST SECRETARY

THE BOARD OF COUNTY COMMISSISONERS
POTTAWATOMIE COUNTY, OKLAHOMA

_____ Date: 11/25/02
BUCK DAY, CHAIRMAN

_____ Date: 11/25/02
KURT SHIREY,
POTTAWATOMIE COUNTY SHERIFF

_____
NANCY BRYCE, COUNTY CLERK

3

STATE OF OKLAHOMA      )
                             )    SS:
COUNTY OF POTTAWATOMIE   )

       The foregoing instrument was acknowledged before me on this _____ day of _____, 2002, by Larry Briggs, Chairman, and Rod Bottoms, Executive Director, Pottawatomie County Public Safety Center Trust, on behalf of the Trust.

                                         _____
                                         NOTARY PUBLIC

My Commission Expires: _____
Commission No. _____

STATE OF OKLAHOMA      )
                             )    SS:
COUNTY OF POTTAWATOMIE   )

       The foregoing instrument was acknowledged before me on this 25 day of _____, 2002, by Buck Day, Chairman, Board of County Commissioners, Pottawatomie County, Oklahoma.      *Nancy Igou*
                                         NOTARY PUBLIC

My Commission Expires:
__term__

Commission No. _____

STATE OF OKLAHOMA      )
                             )    SS:
COUNTY OF POTTAWATOMIE   )

       The foregoing instrument was acknowledged before me on this _____ day of October, 2002, by Kurt Shirey, Pottawatomie County Sheriff.

                                         _____
                                         NOTARY PUBLIC

My Commission Expires: _____

Commission No. _____

4