## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

STEPHEN PROCTOR, *et al.,*      )
                                  )
          Plaintiffs,      )
vs.                             )    Case No. CIV-07-654-M
                                  )
BOARD OF COUNTY      )
COMMISSIONERS OF THE      )
COUNTY OF POTTAWATOMIE, *et*  )
*al.,*                                )
                                  )
          Defendants.     )

## MOTIONS *IN LIMINE* OF DEFENDANTS

Defendants, Board of County Commissioners of the County of Pottawatomie and the Pottawatomie County Public Safety Center Trust ("Defendants"), move for an order *in limine* prohibiting Plaintiffs, as well as witnesses testifying on behalf of the Plaintiffs, not to mention, refer to, interrogate concerning, attempting to convey to the jury or offer in any manner evidence involving the following:

1.    Testimony, other evidence or allegations concerning events or conditions in the Pottawatomie County Public Safety Center at times other than when Plaintiffs were incarcerated in the Pottawatomie County Public Safety Center, or at times outside the time period of the applicable statute of limitations are not admissible.

2.    Testimony, other evidence or allegations relating to potential claims of other inmates in the Pottawatomie County Public Safety Center are not admissible.

3.    Testimony of, or any reference to, Ina Bushyhead, former PCPSC employee concerning all of the incidents alleged by Plaintiffs which are the subject of this lawsuit, as she was not an employee of the PCPSC at the time of the alleged incidents complained of herein.

4.    Testimony, evidence, allegations or any reference to medical opinions from Plaintiffs or Plaintiffs' layperson witnesses regarding the origin, permanence, or prognosis of certain alleged injuries.

5.    Testimony, evidence, allegations or any reference to conclusory statements of law by Plaintiffs, their witnesses, and/or Plaintiff's counsel.

6.    Testimony, other evidence or allegations concerning Expert opinions from Plaintiffs or Plaintiffs' Layperson Witnesses regarding rules, standards, customs, or practices of the use of restraint chairs and/or tazers are not admissible.

7.    Testimony, other evidence or allegations concerning Plaintiffs' Exhibit #29, "procedures for use of the restraint chair" are not admissible.

**PROPOSITION I: TESTIMONY, OTHER EVIDENCE OR ALLEGATIONS CONCERNING EVENTS OR CONDITIONS IN THE POTTAWATOMIE COUNTY PUBLIC SAFETY CENTER AT TIMES OTHER THAN WHEN PLAINTIFFS WERE INCARCERATED IN THE POTTAWATOMIE COUNTY PUBLIC SAFETY CENTER OR AT TIMES OUTSIDE THE TIME PERIOD OF THE APPLICABLE STATUTE OF LIMITATIONS ARE INADMISSIBLE.**

It is anticipated that testimony, other evidence or allegations will be presented or elicited concerning alleged incidents which are neither relevant nor otherwise admissible in this matter.   In particular, it is anticipated that testimony will be presented by Plaintiffs and Plaintiffs' witnesses relating to conditions or events in the Pottawatomie County Public Safety Center ("PCPSC") prior to Plaintiff's incarceration, as well as after Plaintiff was released and/or transferred from the PCPSC.  It is further anticipated that testimony and evidence will be presented by Plaintiffs and Plaintiffs' witnesses, relating to conditions or events that occurred at times outside the time period of the applicable statute of limitations.  Plaintiffs' filed

the original Petition in the District Court of Pottawatomie County on May 17, 2007. Utilizing a two (2) year statute of limitation period, the oldest any incident Plaintiffs could complain of herein could have occurred would be May 17, 2005.  Plaintiffs have listed numerous proposed exhibits which are dated before May 17, 2005. Plaintiffs listed exhibits ## 8, 16, 17, 18, 19, 20, 21, 23, 27, 30, 32, 37, 38 and 39 are all dated before May 17, 2005.

Any claims regarding the conditions of the PCPSC during time periods when Plaintiffs were not incarcerated in the PCPSC, or claims regarding incidents which occurred in the PCPSC during time periods before the applicable statute of limitations period, are clearly not relevant to Plaintiffs' claims that their constitutional rights were violated.  Accordingly, pursuant to Federal Rules of Evidence Rules 401 and 402, it is clear that evidence relating to events or conditions in the PCPSC prior to Plaintiffs' incarceration or after Plaintiffs' incarceration, or events that happened outside the applicable statute of limitations period, are not admissible in this matter. Additionally, even if such evidence possessed minimal probative value, its significant prejudicial effect precludes its admission under Rule 403.

**PROPOSITION II:**     **TESTIMONY, OTHER EVIDENCE OR ALLEGATIONS RELATING TO POTENTIAL CLAIMS OF OTHER INMATES IN THE POTTAWATOMIE COUNTY PUBLIC SAFETY CENTER ARE NOT ADMISSIBLE.**

Defendant anticipates that testimony, other evidence or allegations may be presented or elicited concerning alleged incidents which are neither relevant nor otherwise admissible in this matter.  Specifically, it is anticipated that testimony, may

be presented by Plaintiffs and Plaintiffs' witnesses regarding the treatment of, conditions of, or other claims of inmates in the PCPSC other than Plaintiffs.

The claims of other inmates are not relevant to this lawsuit pursuant to Rule 401, as they have no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the [extemporaneous claims]."  What may or may not have occurred involving other inmates has no bearing on the case at bar.  Additionally, these claims should be excluded pursuant to Rule 403 as any probative value such evidence may possess is substantially outweighed by the danger of unfair prejudice.

**PROPOSITION III:**   **ANY TESTIMONY OF FORMER POTTAWATOMIE COUNTY PUBLIC SAFETY CENTER EMPLOYEE INA BUSHYHEAD CONCERNING THE INCIDENTS COMPLAINED OF HEREIN IS NOT ADMISSIBLE.**

Plaintiffs have listed Ina Bushyhead as a potential witness on their Final Witness List [Dkt. #42] and the Final Pretrial Report, to testify to:  "Her knowledge as to incidents complained of by plaintiffs."   Ms. Bushyhead has no relevant, non-hearsay knowledge and her testimony should be totally excluded.

Ina Bushyhead worked for Defendant Pottawatomie County Public Safety Center for a brief period, from March, 2004 through November, 2004.  This lawsuit concerns incidents that allegedly occurred in the PCPSC from May 19, 2005 through July 10, 2005.  Ms. Bushyhead ceased to be employed in the PCPSC some six (6) months before the subject incidents.  Any testimony she could offer regarding her knowledge as to incidents complained of by plaintiffs would not relate to the time

period at issue in the present lawsuit, and therefore, is simply not relevant. Although Ms. Bushyhead could perceivably testify concerning conversations she has had with current employees of the PCPSC, or with Plaintiffs, any testimony regarding such conversations would necessarily be hearsay.

Irrelevant evidence is not admissible pursuant to Rule 402, Federal Rules of Evidence. Ms. Bushyhead's testimony is not relevant, and should be excluded under that Rule. Any testimony she may have regarding information derived from conversations with others constitutes hearsay under Rule 802, Federal Rules of Evidence, and should be excluded thereunder.

**PROPOSITION IV:**     **MEDICAL OPINIONS FROM PLAINTIFFS OR PLAINTIFFS' LAYPERSON WITNESSES REGARDING THE ORIGIN, PERMANENCE OR PROGNOSIS OF CERTAIN ALLEGED INJURIES ARE NOT ADMISSIBLE.**

During Plaintiffs depositions and in written discovery, Plaintiffs have made statements concerning injuries they have allegedly sustained as a result of the incidents complained of herein. Plaintiffs have also made statements concerning prognosis and what doctors and/or mental health treatment providers might have said concerning their alleged injuries. Plaintiffs have no medical training. Layperson witnesses, including Plaintiffs, are not qualified to render specific diagnoses, causation or injury prognosis or opinions regarding whether any injuries are permanent. Fed. R. Evid. 701 (Opinion Testimony by Lay Witnesses).

In their Final Witness List of Plaintiffs [Dkt. #42], and in the Final Pretrial Report, Plaintiffs have not listed any witnesses who are medically trained to testify

on their behalf.  Therefore, Defendants anticipate a possibility that Plaintiffs might attempt to introduce medical evidence via their own testimony.

Any statements allegedly made by any treating physician(s) or mental health providers would clearly be hearsay under Fed. R. Evid. 801 and 802, and should not be admitted.  Furthermore, Plaintiffs' own opinions concerning the origin, cause or prognosis of any alleged injuries should excluded, and these issues should be left to treating physicians who are qualified to testify, as more specifically set out in Fed. R. Evid. 702 (Testimony by Experts), Fed. R. Evid. 703 (Bases of Opinion Testimony by Experts), and Fed. R. Evid. 704 (Opinion on Ultimate Issue).

**PROPOSITION V:** **CONCLUSORY STATEMENTS OF LAW BY PLAINTIFFS, THEIR WITNESSES AND/OR PLAINTIFFS COUNSEL ARE NOT ADMISSIBLE.**

It is anticipated that Plaintiffs might attempt to imply to the jury that a violation of jail policy constitutes a violation of § 1983, which, in effect, would be instructing the jury incorrectly on the law.  It is axiomatic that the Court instructs on the law. None of the witnesses listed by Plaintiffs are qualified to "instruct" the jury on the law. Specifically, Defendants request the Court to prohibit Plaintiffs, their witnesses and their counsel from expressing their legal conclusions or opinions as to (1) what legal elements constitute a constitutional violation under § 1983, and (2) whether a violation of jail policy is the equivalent of a violation under § 1983.  Moreover, it is incorrect to make a blanket conclusion that violation of jail policy necessarily is a violation of § 1983.

**PROPOSITION VI:**　　**EXPERT OPINIONS FROM PLAINTIFFS OR PLAINTIFFS' LAYPERSON WITNESSES REGARDING RULES, STANDARDS, CUSTOMS, OR PRACTICES OF THE USE OF RESTRAINT CHAIRS AND/OR TAZERS ARE NOT ADMISSIBLE.**

In Plaintiffs' Final Witness List and the Final Pretrial Report, Plaintiffs have identified Don Garrison as a witness who may testify concerning "his knowledge of rules relating to the use of restraint chairs and use of tazers." Plaintiffs have not identified Don Garrison, or any other individual, as an expert witness. Plaintiffs have not provided any type of expert report prepared by Don Garrison, or by any expert witness. Layperson witnesses, including Plaintiffs and Don Garrison, are not qualified to render specific expert opinions, nor to testify concerning standards, customs, or "rules relating to the use of restraint chairs and use of tazers." Testimony concerning rules, standards, customs or practices of the use of restraint chairs and/or tazers, would certainly be considered scientific, technical, or otherwise specialized, and as such, in the nature of expert testimony. Fed. R. Evid. 701 (Opinion Testimony by Lay Witnesses) and Fed. R. Evid. 702 (Testimony by Experts).

In their Final Witness List of Plaintiffs [Dkt. #42], and in the Final Pretrial Report, Plaintiffs have not listed any witnesses who are trained or educated to testify as experts on Plaintiffs' behalf. Likewise, Plaintiffs have not provided Defendants with any reports of expert witnesses in accordance with the Court's Scheduling Order [Dkt. #26]. Therefore, Defendants anticipate a possibility that Plaintiffs might

attempt to introduce expert testimony concerning rules, standards, customs or practices concerning the use of restraint chairs and the use of tazers via their own testimony and through the testimony of witness Don Garrison.

Testimony concerning rules, standards, customs or practices of the use of restraint chairs and/or tazers, should be considered scientific, technical, or otherwise specialized, and as such, in the nature of expert testimony.  This type of testimony should be reserved for expert witnesses who are qualified to testify, as more specifically set out in Fed. R. Evid. 702 (Testimony by Experts), Fed. R. Evid. 703 (Bases of Opinion Testimony by Experts), and Fed. R. Evid. 704 (Opinion on Ultimate Issue).

**PROPOSITION VII:**     **TESTIMONY, OTHER EVIDENCE OR ALLEGATIONS CONCERNING PLAINTIFFS' EXHIBIT #29, "PROCEDURES FOR USE OF THE RESTRAINT CHAIR" ARE NOT ADMISSIBLE.**

It is anticipated that testimony, other evidence, or allegations will be presented or elicited concerning "Procedures for Use of the Restraint Chair," which is more specifically identified as Plaintiffs' Exhibit #29.  It is anticipated that testimony will be presented by Plaintiffs and Plaintiffs' witnesses that Plaintiffs' Exhibit #29 is a document utilized in the PCPSC.  Plaintiffs' Exhibit #29 is not a document of the PCPSC.

Authentication or identification is a condition precedent to admissibility of an exhibit pursuant to Federal Rule of Evidence 901.  There has been no authentication or identification of Plaintiffs' Exhibit #29.  The document itself contains no information

which would identify or authenticate the document as belonging to the PCPSC.  The document, which appears to be dated "050108", describes individuals such as the "Warden" and "Deputy Warden."  May 1, 2008 is several years after the incidents giving rise to Plaintiffs' claims.  There are no positions of "Warden" or "Deputy Warden" in the PCPSC.

Plaintiffs' Exhibit #29 is not relevant to this lawsuit because it is not a document of the PCPSC, and it cannot be authenticated as an exhibit.  In accordance with Federal Rule of Evidence 401, Plaintiffs' Exhibit #29 has no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without [Plaintiffs' Exhibit #29]."  The restraint chair procedure of some other detention facility (which is not readily apparent from the face of the document) has no bearing on the case at bar.  Additionally, this exhibit should be excluded pursuant to Rule 403, as any probative value such evidence may possess is substantially outweighed by the danger of unfair prejudice.

## CONCLUSION

WHEREFORE, Defendants Board of County Commissioners of the County of Pottawatomie and the Pottawatomie County Public Safety Center Trust, respectfully request the Court grant their Motion *in Limine*, thereby ordering Plaintiffs, their counsel, and witnesses testifying on behalf of Plaintiffs not to mention, refer to,

interrogate concerning, attempt to convey to the jury, or offer the evidence as set forth herein.

Respectfully submitted,

s/ John L. Blodgett
Chris J. Collins, OBA #1800
John L. Blodgett, OBA #18343
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th, Second Floor
Oklahoma City, OK  73105-1815
Telephone:  405-524-2070
Facsimile:   405-524-2078
E-Mail:      john@czwglaw.com

Attorneys for Defendant, Board of County Commissioners of the County of Pottawatomie and Pottawatomie County Public Safety Center Trust

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2009, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant: Cregg Webb and Bill Roberson.

s/ John L. Blodgett
John L. Blodgett