IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN PROCTOR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-07-654-M |
| ) | |
| BOARD OF COUNTY ) | |
| COMMISSIONERS OF THE COUNTY ) | |
| OF POTTAWATOMIE, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is plaintiffs' Motion Asking for Reconsideration and Vacation of Order Dismissing Claims Against Deceased Defendant Rod Bottoms, filed March 30, 2009. On April 17, 2009, defendants filed their response.

On October 23, 2008, pursuant to Federal Rule of Civil Procedure 25(a)(1), counsel for defendants filed a Suggestion of Death upon the Record, advising the Court of the death of defendant Rod Bottoms on October 11, 2008. Because no motion for substitution had been filed within 90 days after the filing of the suggestion of death, on January 29, 2009, this Court issued an order dismissing plaintiffs' claims against defendant Rod Bottoms. Plaintiffs contend that defendants' suggestion of death was fatally defective and now move this Court for reconsideration and vacation of its January 29, 2009 Order.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). There has been no intervening change in the controlling law since the Court issued its order, and there is no new evidence previously unavailable. Thus, the only basis for granting plaintiffs'

motion is the need to correct error or prevent manifest injustice.

Rule 25 provides in pertinent part:

**(a)** **Death.**

**(1)** **Substitution if the Claim Is Not Extinguished.**  If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

\*        \*        \*

**(3)** **Service.**  A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.  A statement noting death must be served in the same manner.  Service may be made in any judicial district.

Fed. R. Civ. P. 25(a)(1),(3).  Further, the United States Court of Appeals for the Tenth Circuit has held that the ninety-day limitations period does not begin to run if the successors or representatives of the deceased party's estate did not receive service of the suggestion of death. *Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990).

In the case at bar, it is undisputed that the suggestion of death was not served on decedent Rod Bottoms' personal representative, successors or distributees.  The Court, therefore, finds under Tenth Circuit precedent that the ninety-day limitations period did not begin to run and, thus, it was error for this Court to dismiss plaintiffs' claims against defendant Rod Bottoms.  The Court further finds that it is necessary to correct this error.

Accordingly, the Court GRANTS plaintiffs' Motion Asking for Reconsideration and Vacation of Order Dismissing Claims Against Deceased Defendant Rod Bottoms [docket no. 39] and VACATES its January 29, 2009 Order dismissing plaintiffs' claims against defendant Rod Bottoms [docket no. 27].

**IT IS SO ORDERED this 14th day of May, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE