IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN PROCTOR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-07-654-M |
| ) | |
| BOARD OF COUNTY ) | |
| COMMISSIONERS OF THE COUNTY ) | |
| OF POTTAWATOMIE, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This case is scheduled for trial on the Court's June 2009 trial docket.

Before the Court is defendant Board of County Commissioners of the County of Pottawatomie's ("Board") Motion for Summary Judgment, filed March 2, 2009. On March 27, 2009, plaintiffs filed their response, and on April 28, 2009, the Board filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

In February of 2002, the Board unanimously approved a Trust Indenture creating the Pottawatomie County Public Safety Center Trust ("Trust"). The Trust was set up pursuant to the provisions of Title 60 of the Oklahoma statutes. With the establishment of the Trust, and as of October 15, 2002, the County Sheriff no longer had any direct involvement with the operation of the jail. Instead, defendant Rodney Bottoms was hired as the Executive Director for the Trust and was responsible for the operation of the Pottawatomie County Public Safety Center ("PCPSC").

Plaintiffs are all former inmates of the PCPSC. Plaintiffs allege that PCPSC detention officers abused the use of restraints, restraint chairs, and tasers in violation of plaintiffs' constitutional rights. Plaintiffs further allege that the Board has adopted a policy, practice, or

custom that caused the violations of their constitutional rights.

## II. Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

## III. Discussion

The Board asserts that plaintiffs have failed to establish that an unconstitutional policy or custom of the Board exists and have furthermore failed to establish that this policy or custom caused the unconstitutional deprivations alleged. For a governmental entity to be liable under Section 1983, it must have caused the harm through the execution of its own policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy. *Monell*

*v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Thus, to hold a governmental entity liable under Section 1983, a plaintiff must establish that (1) he has been deprived of a constitutionally protected right, and (2) that a governmental policy or custom was the moving force behind the constitutional deprivation.  *Id.*

The Court has carefully reviewed the parties' briefs and evidentiary submissions.  Viewing the evidence in the light most favorable to plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds plaintiffs have failed to present any evidence of any policy or custom of the Board which caused or contributed to plaintiffs' alleged constitutional violations.  It is undisputed that the Trust, and not the Board, is responsible for the management of the PCPSC.  It is further undisputed that the Trust operates, staffs, and maintains the PCPSC.  Additionally, all of the evidence shows that the Board has no role in making and implementing policy for the Trust and has no involvement in the day-to-day operation of the PCPSC.  The Court further finds no evidence establishing that the Board has or exercises any control over the PCPSC or the Trust or that the Board was involved in the incidents alleged in this case.  Finally, the Court finds that plaintiffs have presented no evidence that the Board failed to conduct the annual inspections of the PCPSC as required by Oklahoma law or that the Board would have been made aware of the alleged constitutional violations through these annual inspections.

Accordingly, the Court finds that the Board is entitled to summary judgment.

IV.	Conclusion

For the reasons set forth above, the Court GRANTS the Board's Motion for Summary Judgment [docket no. 29].

**IT IS SO ORDERED this 27th day of May, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE