IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN PROCTOR, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. CIV-07-654-M |
| | ) |
| BOARD OF COUNTY | ) |
| COMMISSIONERS OF THE COUNTY | ) |
| OF POTTAWATOMIE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is plaintiffs' Motion for Order Substituting Deceased Defendant's Successor as Defendant and for Continuance of Action, filed July 1, 2009. On July 20, 2009, defendants Pottawatomie County Public Safety Center Trust ("Trust") and Rod Bottoms ("Bottoms") filed their response, and on August 3, 2009, plaintiffs filed their reply. Also before the Court is plaintiffs' Amended Motion for Order Substituting Deceased Defendant's Successor, Clarice Tyler Bottoms as Defendant and for Continuance of Action, filed August 12, 2009. On August 28, 2009, the Trust filed its response.

I.   Introduction

On May 17, 2007, plaintiffs filed this action in the District Court of Pottawatomie County, State of Oklahoma. On June 7, 2007, this action was removed to this Court. On October 23, 2008, counsel for defendants filed a Suggestion of Death Upon the Record, advising the Court and plaintiffs that Bottoms passed away on October 11, 2008. Because plaintiffs did not file a motion for substitution within ninety (90) days of the filing of the suggestion of death, this Court entered an order dismissing plaintiffs' claims against Bottoms on January 29, 2009. On March 30, 2009,

plaintiffs filed a motion for reconsideration, and on May 14, 2009, the Court granted plaintiffs' motion and vacated its January 29, 2009 Order.

On May 27, 2009, counsel for defendants filed an Amended Suggestion of Death Upon the Record. On June 6, 2009, counsel for defendants filed an Affidavit of Service of Amended Suggestion of Death Upon the Record showing that they had served the amended suggestion of death upon Bottoms' widow, Clarice Tyler Bottoms. Plaintiffs now move to substitute Ms. Bottoms as a defendant in place of Bottoms.

II.  Discussion

Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).[1]

A.  Plaintiffs' initial motion for substitution

In their initial motion for substitution, plaintiffs do not identify any successor to be substituted as a defendant; plaintiffs simply move the Court to substitute "the successor of the estate of Rod Bottoms". Additionally, in their motion, plaintiffs state that to their knowledge, there has been no probate filed for Bottoms as of the date of the filing of their motion. Because plaintiffs do not identity a specific successor to be substituted as a defendant, the Court finds that plaintiffs' initial motion for substitution should be denied.

---

[1] It is undisputed that the claim against Bottoms was not extinguished upon his death.

B.      Plaintiffs' amended motion for substitution

In their amended motion for substitution, plaintiffs move the Court to substitute Ms. Bottoms, Bottoms' widow, as a defendant. In their motion, plaintiffs state that to their knowledge, there has been no probate filed for Bottoms as of the date of the filing of the amended motion. Further, in their reply to their initial motion for substitution, plaintiffs state:

> In this case Clarice Tyler Bottoms as the widow of Rod Bottoms would receive the fruit of Rod Bottoms estate under the rules of intestacy in Arizona. No probate has been filed; therefore, Plaintiffs can only assume that Clarice Tyler Bottoms has followed Rod Bottoms in ownership and control of his property through an estate plan that does not involve a will. Thus, she is his successor and as such a proper party to be substituted.

Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion for Order Substituting Deceased Defendant's Successor as Defendant and for Continuance of Action [docket no. 88] at ¶ 11. The Trust, however, contends that Ms. Bottoms should not be substituted as a defendant because plaintiffs can only substitute a legal representative of Bottoms' estate for Bottoms and Ms. Bottoms is not a legal representative.

There is no United States Supreme Court or Tenth Circuit opinions directly on point on the issue of who may properly be substituted under Rule 25. Various district and circuit courts have been divided on this issue. Some courts only allow for the substitution of the legal representative. *See, i.e., Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir. 1952). Other courts allow for the substitution of a "distributee" of the decedent's estate if the decedent's estate has been distributed at the time the motion for substitution has been made. *See, i.e., Graham v. Henderson*, 224 F.R.D. 59, 64 (N.D.N.Y. 2004). The United States District Court for the Southern District of Mississippi summarized who is the proper party for substitution under Rule 25 as follows:

> Unless the estate of a deceased party has been distributed at the time of the making of the motion for substitution, the "proper" party for substitution would be either the executor or administrator of the estate of the deceased. "Successors" would be the distributees of the decedent's estate if his estate had been closed.

*Ashley v. Ill. Cent. Gulf R.R. Co.*, 98 F.R.D. 722, 724 (S.D. Miss. 1983).

Plaintiffs assert that Ms. Bottoms should be substituted because she is the widow of Bottoms. Because there has been no probate filed for Bottoms, the Court finds that plaintiffs cannot establish that Ms. Bottoms is the legal representative, either the executor or administrator, of Bottoms' estate. Additionally, the Court finds that plaintiffs have not established that Ms. Bottoms is a successor of Bottoms. Specifically, the Court finds that plaintiffs have failed to show that Bottoms' estate has already been distributed and that Ms. Bottoms was a distributee of that estate. Plaintiffs simply "assume" that Ms. Bottoms has followed Bottoms in ownership and control of his property. Such an assumption is insufficient to establish that Ms. Bottoms is the proper party for substitution for Bottoms in this case. The Court, therefore, finds that plaintiffs' amended motion for substitution should be denied.

III.   Conclusion

Accordingly, for the reasons set forth above, the Court DENIES plaintiffs' Motion for Order Substituting Deceased Defendant's Successor as Defendant and for Continuance of Action [docket no. 86] and plaintiffs' Amended Motion for Order Substituting Deceased Defendant's Successor, Clarice Tyler Bottoms as Defendant and for Continuance of Action [docket no. 90].

**IT IS SO ORDERED this 30th day of October, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE